IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ALLEN EDWARDS,

          Plaintiff,

v.

LT. J. CANON,
KIMBERLY HVARRE,
SERGEANT TOM,
DEREK S. SMITH,
C/O TANSLEY,
DENNIS PEDIGO,
JOHN DOE 1,
JOHN DOE 2,
JOHN DOE 3,
JOHN DOE 4,
JOHN DOE 5,
JOHN DOE 6,
JOHN DOE 7, and
JANE DOE,[1]

          Defendants.

Case No. 25-cv-00403-SPM

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

    Plaintiff Allen Edwards, an inmate in the custody of the Illinois Department of Corrections who is currently incarcerated at Robinson Correctional Center, brings this civil action pursuant to 42 U.S.C. §1983 for violations of his constitutional rights that occurred at Big Muddy River Correctional Center. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous,

---

[1] The Court assumes that Plaintiff failed to list Jane Doe, the correctional officer who was involved in the physical assault on February 18, 2024, as a defendant in error. For the sake of judicial efficiency, the Clerk of Court will be directed to **ADD** Jane Doe as a defendant to the docket.

malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### THE COMPLAINT

Plaintiff alleges the following: While at Big Muddy River Correctional Center, on February 4, 2024, he wrote an emergency grievance that went to Warden Kimberly Hvarre grieving that he feared for his life from lieutenants, sergeants, correctional officers, and the food supervisor. (Doc. 1, p. 10). He wrote in the grievance that staff had threatened to "do physical bodily harm" to him. Hvarre, however, failed to take any action to protect him. (*Id.*).

On February 18, 2024, Lieutenant Canon came to Plaintiff's cell and threatened to throw his trash can at him. (Doc. 1, p. 10-11). Canon was pulled away by an unknown Jane Doe officer, and Cannon and Jane Doe then left. The officers returned to Plaintiff's cell over an hour later and threw away Plaintiff's shoes that were outside of his cell. Canon told Plaintiff that she was going to spray him with OC spray and "beat his ass." Canon called for more correctional officers, cracked opened Plaintiff's cell door, and sprayed Plaintiff with OC spray. Canon, Jane Doe, and John Does 1, 2, 3, 4, and 5[2] came into his cell and "viciously beat" him. They punched his face, head, and body. (*Id.*). At some point a hat was placed over Plaintiff's head, and the officers "busted" his nose and knocked out a tooth. (*Id.* at p. 12). Plaintiff's entire body was bruised and swollen. (*Id.* at p. 11). Following the assault, the officers placed Plaintiff on suicide watch without taking him to the healthcare unit so that he could receive medical care for his injuries. (*Id.*).

Later that evening, while Plaintiff was on suicide watch, Sergeant Tom threatened to

---

[2] Plaintiff initially states that "John Does et al" came to his cell and physically assaulted him. (Doc. 1, p. 11). Later in the Complaint, he specifies that there were five John Doe Defendants who were involved in the use of excessive force on February 18, 2024. (*Id.* at p. 13). The Court will refer to these individuals as John Doe 1, John Doe 2, John Doe 3, John Doe 4, and John Doe 5 for clarity.

physically assault Plaintiff and then turned off the running water to Plaintiff's cell. (Doc. 1, p. 12). For ten hours, Plaintiff was without "bathing water and drinking water." (*Id.*).

On March 7, 2024, Plaintiff was taken to the internal affairs office "under duress," by an unknown officer to talk to Lieutenant Derek Smith. (Doc. 1, p. 12). Plaintiff told Smith that he, Plaintiff, did not feel safe talking to Smith. Smith threatened Plaintiff and told Plaintiff that Plaintiff would be hurt by his staff again. Smith said that any future incident would be covered up like it "never happened." (*Id.*).

That same day, Plaintiff was written a false disciplinary ticket. (Doc. 1, p. 15). Plaintiff states that Correctional Officer Tansley "was a false witness on behalf of Lt. Smith," and Tansley aided and assisted in the "failure to intervene/stop Lt. D. Smith from violating Plaintiff's" rights under the First, Eighth, and Fourteenth Amendments because Plaintiff had asserted his Fifth Amendment right. (*Id.*).

On May 12, 2024, Sergeant Dennis Pedigo came and searched Plaintiff's cell. (Doc. 1, p. 13). Pedigo placed handcuffs on Plaintiff and escorted Plaintiff to the foyer where he conducted an "aggressive pat down" of Plaintiff. During the pat down, Pedigo grabbed and held onto Plaintiff's genitals. Plaintiff asked Pedigo to let his "private parts go," and Pedigo responded that he could do whatever he wanted with Plaintiff's genitals. (*Id.*). Plaintiff claims that there were two unknown officers present, John Doe 6 and John Doe 7,[3] who failed to intervene and prevent Pedigo from sexually assaulting him. (*Id.* at p. 14).

## PRELIMINARY DISMISSALS

The Court will dismiss from this case Defendants Smith, Tansley, Pedigo, John Doe 6, and John Doe 7 and any intended claims against them for misjoinder. *See* FED. R. CIV. P. 21. Rule 20

---

[3] Plaintiff refers to these individuals as "Defendant C/O John Doe and Defendant C/O John Doe." (Doc. 1, p. 14). Again, for clarity, the Court will refer to these individuals as John Doe 6 and John Doe 7.

of the Federal Rules of Civil Procedure prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Therefore, multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each respondent that arises out of the same transaction or occurrence or series of transactions or occurrences and presents a question of law or fact common to all. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); 3A MOORE'S FEDERAL PRACTICE § 20.06, at 2036–45 (2d ed. 1978). Federal Rule of Civil Procedure 21 grants district courts broad discretion when deciding whether to sever claims or to dismiss improperly joined defendants. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011).

In this case, the claims relating to (1) the use of excessive force by Canon, Jane Doe, and John Does 1-5 that resulted in Plaintiff's placement on suicide watch on February 18, 2024; (2) Plaintiff's meeting with Smith and subsequent false disciplinary ticket on March 7, 2024; and (3) the physical assault by Pedigo on March 12, 2024, involve different defendants and arise from separate transactions and occurrences. Plaintiff's general allegation of ongoing mistreatment by staff at Big Muddy Correctional Center is not enough to bring the claims together under the same umbrella. Accordingly, consistent with *George v. Smith* and Federal Rules of Civil Procedure 20 and 21, the Court will dismiss without prejudice all claims against Smith, Tansley, Pedigo, John Doe 6, and John Doe 7, and these individuals will be terminated as parties on the docket. Plaintiff may pursue these claims by filing separate lawsuits if he chooses. The remaining claims against Canon, Hvarre, Tom, Jane Doe, and John Does 1-5 will be addressed in this case and reviewed pursuant to Section 1915A.

## DISCUSSION

Based on Plaintiff's allegations and his articulation of his claims, the Court designates the following counts:

**Count 1:** Eighth Amendment claim against Warden Hvarre for failing to protect Plaintiff from the use of excessive force by staff on February 18, 2024.

**Count 2:** Eighth Amendment claim against Canon, Jane Doe, John Doe 1, John Doe 2, John Doe 3, John Doe 4, and John Doe 5 for the use of excessive force against Plaintiff on February 18, 2024.

**Count 3:** Eighth Amendment claim against Canon, Jane Doe, John Doe 1, John Doe 2, John Doe 3, John Doe 4, and John Doe 5 for denying Plaintiff medical care for the injuries sustained by the use of excessive force on February 18, 2024.

**Count 4:** Eighth Amendment cruel and unusual punishment claim against Sergeant Tom for turning off the water in Plaintiff's cell on February 18, 2024, while Plaintiff was on suicide watch.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[4] pleading standard.**

### Count 1

A plaintiff bringing a failure-to-protect claim under the Eighth Amendment must allege that "(1) he is incarcerated under conditions posing a substantial risk of serious harm, and (2) defendant-officials acted with deliberate indifference to that risk." *Brown v. Budz,* 398 F.3d 904,

---

[4] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). To the extent Plaintiff is bringing Fourteenth Amendment substantive due process claims against Defendant Hvarre for failure to protect, Defendants Canon, Jane Doe, John Does 1-5 for excessive force and denial of medical care, and Defendant Tom for unconstitutional conditions (Doc. 1, p. 10-12), the claims are dismissed. The Court will examine these claims only as violations of the Eighth Amendment in Counts 1, 2, 3 and 4. *See Cnty. Of Sacramento v. Lewis,* 523 U.S. 833, 842 (1998) (where a claim is covered by a more specific constitutional provision, such as the Eighth Amendment, the Supreme Court had held that the claim must be analyzed under the standard appropriate to that specific provision instead of substantive due process).

909 (7th Cir. 2005) (quotation marks omitted). The Seventh Circuit has remarked that "[c]omplaints that convey only a generalized, vague, or stale concern about one's safety typically will not support an inference that a prison official had actual knowledge that a prisoner was in danger." Gevas v. McLaughlin, 798 F.3d 475, 480-81 (7th Cir. 2015) (citations omitted). Rather, complaints that identify "a specific, credible, imminent risk of serious harm and identifies the prospective assailant typically will support an inference that the official to whom the complaint was communicated had actual knowledge of the risk." Id. at 481.

Here, Plaintiff claims that Warden Hvarre failed to protect him from the use of excessive force by Defendants Canon, Jane Doe, and John Does 1-5 on February 18, 2024. (Doc. 1, p. 10). He states that Hvarre was properly notified by an emergency letter and emergency grievance sent around February 4, 2024, stating that he was "fearing for [his] life" due to threats of violence made by several staff members. (Id.). Plaintiff asserts that Hvarre failed to protect him and/or intervene to prevent him from being harmed "at the hands of her staff under her authority/control." (Id.). This is sufficient for Count 1 to proceed against Hvarre.

### Counts 2 and 3

Counts 2 and 3 will proceed against Canon, Jane Doe, and John Does 1-5 for the use of excessive force against Plaintiff and then for then denying him medical care for his injuries. See Cooper v. Casey, 97 F. 3d 914, 917 (7th Cir. 1996) ("[b]eating a person in violation of the Constitution should impose on the assailant a duty of prompt attention to any medical need to which the beating might give rise").

### Count 4

"The Eighth Amendment prohibits the States from subjecting prisoners to conditions of confinement amounting to cruel and unusual punishment." Giles v. Godinez, 914 F. 3d 1040, 1051 (7th Cir. 2019). To prevail on an Eighth Amendment claim based on constitutionally inadequate

prison conditions, the plaintiff must show that (1) the conditions in the prison were objectively sufficiently serious " – i.e., that they deny the inmate the minimal civilized measure of life's necessities, creating an excessive risk to the inmate's health and safety," *Id.*, and (2) prison officials acted with deliberate indifference to those conditions. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (internal citations and quotation marks omitted).

Plaintiff asserts that on February 18, 2024, Sergeant Tom turned the water off to his cell and for ten hours, Plaintiff was without "bathing water and drinking water." (Doc. 1, p. 12). As pled, these allegations fail to state a claim against Tom. "There is no constitutional right to running water in a prison cell," *Downs v. Carter,* No. 13 C 3998, 2016 WL 1660491, at *8 (N.D. Ill. 2016) (citing *Scruggs v. SinClair,* No. 16-CV-039 JD, 2016 WL 344534, at *2 (N.D. Ind. 2016))," and Plaintiff does not put forth any facts from which the Court can plausibly infer that there was an excessive risk to his health and safety during the hours that he was denied running water. *See Wilkins v. Merkle*, No. 13 C 375, 2015 WL 5544312, at *5 (N.D. Ill. Sept. 15, 2025) ("broken in-cell plumbing, while inconvenient, does not generally rise to the level of a constitutional violation") (collecting cases). Accordingly, Count 4 is dismissed without prejudice.

## UNKNOWN DEFENDANTS

Plaintiff will be allowed to proceed with Counts 2 and 3 against Jane Doe and John Does 1-5, but these defendants must be identified by first and last names before service of the Complaint can be made on them. Plaintiff will have the opportunity to engage in limited discovery to ascertain their identities. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). The current warden of Big Muddy River Correctional Center, Christel Crow, will be added as a defendant in her official capacity only for the purpose of responding to discovery aimed at identifying the unknown defendant. Once Defendant Crow has entered an appearance, the Court will provide further instructions and deadlines for identifying the remaining Jane/John Does.

Plaintiff is advised that it is ultimately his responsibility to identify the Jane/John Does.

### MOTION FOR RECRUITMENT OF COUNSEL

Plaintiff has also filed a Motion for Recruitment of Counsel (Doc. 3) which is **DENIED**. Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." When faced with a motion for recruitment of counsel the Court applies a two-part test: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Plaintiff states that in an attempt to retain his own lawyer, he has written and called multiple law firms, but he has been unsuccessfully. He writes "some responded, some didn't," and he has attached a declination letter from a single law firm. This is not sufficient information for the Court to determine that he has made a reasonable effort to obtain counsel on his own, and so, Plaintiff has failed to meet his threshold burden of making a "reasonable attempt" to secure counsel. *See Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010). Should Plaintiff choose to move for recruitment of counsel at a later date, the Court directs Plaintiff to include in the motion the names and address of at least three attorneys he has contacted, and if available, attach the letters from at three attorneys who declined representation.

### DISPOSITION

For the reasons set forth above, the Complaint survives preliminary review pursuant to Section 1915A. The Clerk of Court is **DIRECTED** to **ADD** as defendants Jane Doe and Warden Christel Crow, in her official capacity only. Defendants Smith, Tansley, Pedigo, John Doe 6, and John Doe 7 are dismissed without prejudice for misjoinder. *See* FED. R. CIV. P. 21. **COUNT 1** shall proceed against Hvarre. **COUNT 2** shall proceed against Canon, Jane Doe, and John Does 1-5. **COUNT 3** shall proceed against Canon, Jane Doe, and John Does 1-5. **COUNT 4** is

**DISMISSED without prejudice** against Tom. Because there are no surviving claims against Tom and because Smith, Tansley, Pedigo, John Doe 6, and John Doe 7 are not properly joined in this action, they shall be **TERMINATED** as defendants on the docket.

The Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court **SHALL** prepare for Defendants Hvarre, Canon, and Crow, and once identified, Jane Doe and John Does 1-5 the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

With the exception of Defendant Crow, all other Defendants are **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants only need to respond to the issues stated in this Merit Review Order.**

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and (if applicable) his or her attorney were deemed to have entered into a stipulation that any unpaid costs taxed against the applicant shall be paid from any recovery secured in this action.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 7, 2025**

                                                       *s/Stephen P. McGlynn*
                                                      **STEPHEN P. MCGLYNN**
                                                      **United States District Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.